**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DOLGENCORP, LLC,** | |
| **Plaintiff,** | |
| **vs.** | **Case No.** |
| **MAGDOVITZ AGENCY, INC.** and, **ZURICH AMERICAN INSURANCE COMPANY,** | |
| **Defendants.** | |

## COMPLAINT

COMES NOW Plaintiff Dolgencorp, LLC and files this Complaint against Defendants Magdovitz Agency, Inc. and Zurich American Insurance Company, stating as follows:

## PARTIES

1.      Plaintiff Dolgencorp, LLC ("Dollar General") is a Kentucky limited liability company with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee 37072. The sole member of Dolgencorp, LLC is Dollar General Corporation, a corporation formed under the laws of the State of Tennessee with its principal place of business located at 100 Mission Ridge, Goodlettsville, Tennessee 37072.

2.      Defendant Magdovitz Agency, Inc. ("Magdovitz") is a Mississippi corporation with its principal place of business located in Clarksdale, Mississippi.

3.      Defendant Zurich American Insurance Company ("Zurich") is a corporation organized under the laws of the State of New York with its principal place of business located in Schaumburg, Illinois.

1

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Dollar General is a citizen of Kentucky and Tennessee for purposes of diversity jurisdiction. Magdovitz is a citizen of Mississippi. Zurich is a citizen of New York and Illinois. Complete diversity exists because no plaintiff shares citizenship with any defendant.

6.      The amount in controversy exceeds $75,000, exclusive of interest and costs, based on Dollar General's claims for defense costs, indemnification obligations, settlement exposure in the underlying Johnson litigation, and potential punitive damages.

7.      This Court has personal jurisdiction over Magdovitz because Magdovitz does business in Alabama, entered into a lease agreement for property located in Wilcox County, Alabama, and the claims arise out of Magdovitz's conduct in Alabama.

8.      This Court has personal jurisdiction over Zurich because Zurich issued an insurance policy covering property located in Wilcox County, Alabama, transacted insurance business in Alabama, and the claims arise out of Zurich's insurance obligations in Alabama.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Wilcox County, Alabama, which is within the Southern District of Alabama, and because the underlying litigation in which Defendants failed to defend and indemnify Dollar General is pending in the Circuit Court of Wilcox County, Alabama

## FACTUAL ALLEGATIONS

10.     On or about February 21, 2001, Jack, LLC (Magdovitz's predecessor in interest) and Dollar General entered into a Lease Agreement for commercial premises located at 22 Camden Bypass, Camden, Alabama (the "Premises").

11.     On or about September 9, 2015, Magdovitz, as successor in interest to Jack, LLC, and Dollar General entered into a Lease Modification Agreement #2, pursuant to which Magdovitz acknowledged its assumption of all obligations, warranties, and duties under the original Lease Agreement, with the terms and conditions of the Lease unchanged except for those expressly modified.

12.     Section V of the Lease Agreement, titled "MAINTENANCE," provides that Magdovitz shall maintain at its cost and expense in good condition and shall perform all necessary maintenance, repair, and replacement to the exterior of the Premises including, but not limited to, the roof, all paved areas, foundation, floors, load bearing walls, all interior and exterior utility lines and pipes, and all other structural portions of the building during the term of the Lease and any renewal periods.

13.     Section XX of the Lease Agreement, titled "HOLD HARMLESS," provides that Magdovitz agrees to hold Dollar General harmless from any and all claims which may arise from, on, in or about the demised premises when such claims arise out of or are caused in whole or in part by a defective, dangerous, or unsafe condition of the premises, equipment, fixtures, or appurtenances required by law or the terms of the Lease to be maintained by Magdovitz.

14.     Section XXVII(d) of the Lease Agreement, titled "SPECIAL STIPULATIONS - Insurance," provides that Magdovitz agrees to carry comprehensive general liability insurance on

the Premises with a combined single limit for bodily injury, personal injury, and property damage of not less than $1,000,000 per occurrence.

15.    Section XXVII(d) further provides that Dollar General shall be named an additional insured in the policies and Magdovitz shall furnish to Dollar General current certificates of insurance evidencing such insurance on ACORD 27 form and the policies shall contain a provision that there will be no cancellation, reduction or non-renewal in coverage without first giving Dollar General thirty (30) days prior written notice.

16.    Section XXVII(d) further provides that Dollar General shall reimburse Magdovitz for its actual cost of insurance premiums paid by Magdovitz.

17.    Pursuant to the Lease Agreement, Dollar General paid and/or reimbursed Magdovitz for the premium for the policy providing coverage for claims arising from the Premises.

18.    On or about November 15, 2018, Magdovitz submitted an invoice to Dollar General in the amount of $1,046.73 for insurance premiums.

19.    On or about December 18, 2018, Dollar General issued check number 5978827 payable to Magdovitz Agency, Inc. in the amount of $1,046.73, thereby paying the insurance premium for the policy issued by Zurich.

20.    On or about November 2, 2018, Zurich issued a certificate of insurance dated November 2, 2018, certifying Dollar General as an additional insured under policy number GLO1034905-03.

21.    On or about February 19, 2019, Lisa Johnson ("Johnson") was allegedly injured when she fell on the sidewalk in an area near the ice machine allegedly due to a leak in the ice machine as well as cracked and uneven/unlevel concrete at the Premises.

22.     On or about January 21, 2020, Dollar General timely tendered the Johnson claim to Magdovitz via Certified Mail, receipt of which was confirmed.

23.     Despite receiving timely notice of the Johnson claim, Magdovitz did not provide a defense to Dollar General or acknowledge Dollar General's additional insured status under the Zurich policy.

24.     On or about February 19, 2021, Johnson filed a Complaint in the Circuit Court of Wilcox County, Alabama, styled Lisa Johnson v. Dolgencorp, LLC, Case No. CV 900012, against Dollar General for injuries and damages allegedly resulting from the February 19, 2019 incident.

25.     Magdovitz was named as a party defendant in the Johnson litigation at the onset.

26.     Johnson's Complaint alleged that she was injured when she slipped and fell on the sidewalk in an area directly in front of the ice machine due to cracked and uneven/unlevel concrete.

27.     The conditions alleged in Johnson's Complaint—the leaking ice machine, water accumulation on the exterior sidewalk, and defects in the sidewalk itself—are exterior conditions of the Premises that fall within Magdovitz's maintenance obligations under Section V of the Lease Agreement.

28.     Despite Dollar General's January 21, 2020 tender and despite Dollar General's status as an additional insured under the Zurich policy, neither Magdovitz nor Zurich provided Dollar General with a defense or acknowledged its additional insured status.

29.     Instead, Magdovitz retained counsel solely for its own defense and pursued a defense strategy focused narrowly on its own interests.

30. On or about March 12, 2021, Magdovitz, through counsel, filed its responsive pleading in the Johnson litigation.

31. Magdovitz filed a Motion for Summary Judgment in the Johnson litigation based on lack of notice and control.

32. The Circuit Court of Wilcox County granted summary judgment in favor of Magdovitz, finding a lack of evidence of notice or control on the part of Magdovitz of a leaking ice machine in the front of the store.

33. After the Circuit Court granted summary judgment in favor of Magdovitz, Magdovitz entered into a pro tanto settlement with Johnson and was dismissed from the lawsuit.

34. At no time during the Johnson litigation did Magdovitz or Zurich acknowledge Dollar General's additional insured status, provide a defense to Dollar General, or offer to indemnify Dollar General for the claims asserted against it.

35. On or about April 22, 2026, Dollar General, through counsel, sent a formal demand letter to Magdovitz demanding that Magdovitz and Zurich accept the tender of the defense and indemnification of Dollar General with respect to all claims and allegations made in the Johnson lawsuit.

36. The April 22, 2026 demand letter detailed the contractual obligations of Magdovitz under the Lease Agreement, including the maintenance obligations, hold harmless provision, and insurance requirements.

37. The April 22, 2026 demand letter enclosed a copy of the Lease Agreement, the Lease Modification Agreement, the invoice submitted to Dollar General by Magdovitz, the check issued by Dollar General to Magdovitz for the insurance premium, and the certificate of insurance certifying Dollar General as an additional insured.

38.     On or about May 4, 2026, Magdovitz, through counsel, responded to Dollar General's demand letter and rejected Dollar General's demand for indemnification.

39.     In its May 4, 2026 response, Magdovitz improperly conflated the absence of tort liability to Johnson with the absence of contractual indemnity obligations owed to Dollar General.

40.     Magdovitz's May 4, 2026 response asserted that summary judgment in Magdovitz's favor resolved the plaintiff's tort claims against Magdovitz and therefore Magdovitz owed no duty to indemnify Dollar General, despite the fact that summary judgment did not adjudicate contractual risk allocation between Dollar General and Magdovitz.

41.     Magdovitz's May 4, 2026 response also falsely asserted that Dollar General failed to tender the claim in a timely manner, despite the fact that Dollar General tendered the claim to Magdovitz on January 21, 2020, over one year before the Johnson lawsuit was filed.

42.     On or about May 8, 2026, Dollar General, through counsel, responded to Magdovitz's May 4, 2026 letter and clarified that contractual indemnity is independent of tort liability, that Dollar General timely tendered the claim on January 21, 2020, and that Magdovitz's maintenance obligations under the Lease Agreement were broad and ongoing.

43.     The May 8, 2026 letter explained that the Lease Agreement expressly provides that Magdovitz shall defend and indemnify Dollar General for claims that arise out of or are caused in whole or in part by a defective, dangerous, or unsafe condition of the premises required by law or the terms of the Lease to be maintained by Magdovitz, and that the Lease does not condition indemnity on a finding of negligence, fault, notice, or control.

44.     The May 8, 2026 letter further explained that Section V of the Lease Agreement obligates Magdovitz to maintain, repair, and replace the exterior of the Premises, including but

7

not limited to paved areas, foundations, and interior and exterior utility lines and pipes, and that the claim at issue alleges injuries arising from water accumulation on the exterior sidewalk of the building, along with defects in the sidewalk itself, all of which are exterior conditions of the Premises.

45.    On or about May 7, 2026, the Johnson matter proceeded to mediation.

46.    Dollar General attended and participated in the mediation with its client.

47.    Magdovitz, Zurich, and their counsel chose not to participate in the mediation despite Dollar General's request that they do so.

48.    The mediation concluded without a settlement.

49.    Johnson's last settlement demand at mediation was well within the policy limits of insurance issued by Zurich, purchased by Dollar General, and providing coverage for this claim.

50.    In its May 8, 2026 letter, Dollar General demanded that Magdovitz and Zurich immediately accept Johnson's settlement demand resolving any and all claims and protect Dollar General from any further exposure arising from the Johnson Litigation.

51.    On or about June 2, 2026, Magdovitz, through counsel, responded to Dollar General's May 8, 2026 letter and again denied that it has any duty to indemnify Dollar General.

52.    On or about June 29, 2026, Dollar General, through counsel, sent a demand letter to Zurich demanding that Zurich acknowledge Dollar General's additional insured status, assume the defense of Dollar General, accept the current settlement demand, and provide Dollar General with full indemnification by reimbursement of defense costs and expenses incurred since January 21, 2020.

53. Magdovitz nor Zurich has acknowledged Dollar General's additional insured status, provided a defense to Dollar General, accepted the settlement demand, or offered to indemnify Dollar General.

54. As a direct and proximate result of Defendants' refusal to defend and indemnify Dollar General, Dollar General has been forced to retain counsel, incur substantial attorney's fees and costs, and remains exposed to a multi-million dollar judgment in the Johnson litigation.

55. Defendants' conduct has been undertaken in bad faith, with knowledge of Dollar General's rights under the Lease Agreement and the Zurich policy, and with deliberate indifference to Dollar General's contractual and policy rights.

## COUNT I — BREACH OF CONTRACT
### (AGAINST MAGDOVITZ)

56. Dollar General realleges and incorporates by reference paragraphs 1 through 55.

57. The Lease Agreement entered into between Magdovitz and Dollar General is a valid and enforceable contract.

58. Under Section XX of the Lease Agreement, Magdovitz agreed to hold Dollar General harmless from any and all claims which may arise from, on, in or about the demised premises when such claims arise out of or are caused in whole or in part by a defective, dangerous, or unsafe condition of the premises, equipment, fixtures, or appurtenances required by law or the terms of the Lease to be maintained by Magdovitz.

59. Under Section V of the Lease Agreement, Magdovitz was obligated to maintain at its cost and expense in good condition and to perform all necessary maintenance, repair, and replacement to the exterior of the Premises including, but not limited to, all paved areas and all interior and exterior utility lines and pipes.

9

60.     Dollar General performed all obligations under the Lease Agreement, including paying rent and reimbursing Magdovitz for insurance premiums.

61.     The Johnson claim arises out of or is caused in whole or in part by a defective, dangerous, or unsafe condition of the premises—specifically, water accumulation on the exterior sidewalk and defects in the sidewalk itself—which are exterior conditions required by the terms of the Lease to be maintained by Magdovitz.

62.     Dollar General timely tendered the Johnson claim to Magdovitz on January 21, 2020.

63.     Magdovitz materially breached the Lease Agreement by:

   i.   Failing to defend Dollar General in the Johnson litigation;

   ii.  Failing to indemnify Dollar General for claims arising from conditions Magdovitz was contractually obligated to maintain;

   iii. Refusing to accept Dollar General's tender of defense and indemnification;

   iv.  Pursuing a defense strategy focused solely on Magdovitz's own interests while ignoring its contractual obligations to Dollar General;

   v.   Settling with Johnson without protecting Dollar General's interests or fulfilling its indemnification obligations.

64.     As a direct and proximate result of Magdovitz's breach of contract, Dollar General has suffered damages including but not limited to:

   i.   Attorney's fees and costs incurred in defending the Johnson litigation;

   ii.  Continued exposure to potential liability and a judgment in the Johnson litigation;

   iii. The cost of investigating and prosecuting this action;

iv.  Other consequential damages.

### COUNT II — BREACH OF INSURANCE CONTRACT
### (AGAINST ZURICH)

65.  Dollar General realleges and incorporates by reference paragraphs 1 through 64.

66.  Zurich issued a comprehensive general liability insurance policy number GLO1034905-03 to Magdovitz with Dollar General named as an additional insured. Alternatively, Dollar General qualifies an additional insured under said policy by virtue of policy extension endorsement Form CG 88 10 04 13, or similar endorsement.

67.  Dollar General paid the premium for the Zurich policy by reimbursing Magdovitz $1,046.73 for the insurance premium.

68.  The Zurich policy is a valid and enforceable insurance contract providing coverage for claims arising from the Premises.

69.  Dollar General, as an additional insured under the Zurich policy, is entitled to the same rights and coverage as the named insured, including the right to a defense and indemnification for covered claims.

70.  The Johnson claim is a covered claim under the Zurich policy because it alleges bodily injury arising from an occurrence on the Premises during the policy period.

71.  Dollar General timely tendered the Johnson claim to Magdovitz on January 21, 2020, which provided notice to Zurich of the claim.

72.  Zurich materially breached the insurance contract by:

i.  Failing to acknowledge Dollar General's additional insured status;

ii.  Failing to provide a defense to Dollar General in the Johnson litigation;

iii.  Failing to indemnify Dollar General for the Johnson claim;

iv.  Refusing to accept Dollar General's tender of defense and indemnification;

11

v.  Defending only Magdovitz while leaving Dollar General exposed to liability.

73.    As a direct and proximate result of Zurich's breach of the insurance contract, Dollar General has suffered damages including but not limited to:

i.   Attorney's fees and costs incurred in defending the Johnson litigation;

ii.   Continued exposure to potential liability and a judgment in the Johnson litigation;

iii.   The cost of investigating and prosecuting this action;

iv.   Other consequential damages.

## COUNT III — BAD FAITH
### (AGAINST ZURICH)

74.    Dollar General realleges and incorporates by reference paragraphs 1 through 73.

75.    Zurich owed Dollar General, as an additional insured under the Zurich policy, a duty of good faith and fair dealing.

76.    Zurich breached its duty of good faith and fair dealing by:

i.   Failing to acknowledge Dollar General's additional insured status despite clear evidence of such status;

ii.   Failing to conduct a reasonable investigation of Dollar General's tender and claim for coverage;

iii.   Failing to provide a defense to Dollar General despite the claim being clearly covered under the policy;

iv.   Refusing to accept Dollar General's tender without any legitimate basis for denial;

12

    v.   Defending only Magdovitz while leaving Dollar General, who paid the premium, exposed to a multi-million dollar claim;

    vi.   Failing to respond to Dollar General's repeated demands for coverage and defense;

    vii.   Placing Zurich's own financial interests above Dollar General's interests as an additional insured.

77.    Zurich's conduct was intentional, willful, and undertaken with knowledge that Dollar General was an additional insured entitled to coverage under the policy.

78.    Zurich's conduct was undertaken without any legitimate or arguable reason for denying coverage.

79.    As a direct and proximate result of Zurich's bad faith conduct, Dollar General has suffered damages including but not limited to:

    i.   Attorney's fees and costs incurred in defending the Johnson litigation;

    ii.   Continued exposure to potential liability and a judgment in the Johnson litigation;

    iii.   The cost of investigating and prosecuting this action;

    iv.   Other consequential damages.

80.    Zurich's conduct was wanton, malicious, fraudulent, and oppressive, and was undertaken with knowledge of Dollar General's rights and with deliberate indifference to those rights.

81.    By reason of Zurich's wanton, malicious, fraudulent, and oppressive conduct, Dollar General is entitled to punitive damages in an amount sufficient to punish Zurich and deter similar conduct in the future.

## COUNT IV — NEGLIGENCE
### (AGAINST MAGDOVITZ)

82. Dollar General realleges and incorporates by reference paragraphs 1 through 81.

83. Magdovitz owed a duty to Dollar General to properly maintain the exterior of the Premises, including all paved areas, sidewalks, and exterior utility lines and pipes, as required by the Lease Agreement.

84. Magdovitz breached its duty to Dollar General by:

    i. Failing to maintain the exterior sidewalk in a safe condition;

    ii. Failing to repair or remedy the defective and dangerous conditions on the exterior sidewalk;

    iii. Failing to address the water accumulation and drainage issues on the exterior sidewalk;

    iv. Allowing the exterior sidewalk to remain in a cracked, uneven, and unlevel condition;

    v. Failing to inspect and maintain the exterior premises as required by the Lease Agreement.

85. Magdovitz's breach of duty was the proximate cause of the Johnson claim and Dollar General's resulting damages.

86. As a direct and proximate result of Magdovitz's negligence, Dollar General has suffered damages including but not limited to:

    i. Liability exposure in the Johnson litigation;

    ii. Attorney's fees and costs incurred in defending the Johnson litigation;

    iii. The cost of investigating and prosecuting this action;

    iv. Other consequential damages.

14

## COUNT V — NEGLIGENT FAILURE TO PROCURE INSURANCE
## (AGAINST MAGDOVITZ)

87.    Dollar General realleges and incorporates by reference paragraphs 1 through 86.

88.    Magdovitz owed a duty to Dollar General to procure and maintain comprehensive general liability insurance naming Dollar General as an additional insured as required by Section XXVII(d) of the Lease Agreement.

89.    Magdovitz breached its duty to Dollar General by:

    i.    Failing to procure insurance that would provide adequate coverage and defense to Dollar General;

    ii.   Failing to ensure that Zurich would honor Dollar General's additional insured status;

    iii.  Failing to notify Zurich of Dollar General's additional insured status and rights under the policy;

    iv.   Failing to demand that Zurich provide coverage and defense to Dollar General.

90.    As a direct and proximate result of Magdovitz's negligent failure to procure adequate insurance, Dollar General has suffered damages including but not limited to:

    i.    Lack of insurance coverage and defense in the Johnson litigation;

    ii.   Attorney's fees and costs incurred in defending the Johnson litigation;

    iii.  Continued exposure to potential liability and a judgment in the Johnson litigation;

    iv.   The cost of investigating and prosecuting this action;

    v.    Other consequential damages.

15

### COUNT VI — DECLARATORY JUDGMENT

91. Dollar General realleges and incorporates by reference paragraphs 1 through 87.

92. An actual controversy exists between Dollar General and Defendants regarding:

    i. Magdovitz's obligations to defend and indemnify Dollar General under the Lease Agreement;

    ii. Zurich's obligations to defend and indemnify Dollar General as an additional insured under the Zurich policy;

    iii. The scope of Magdovitz's maintenance obligations under the Lease Agreement;

    iv. Whether the Johnson claim arises from conditions Magdovitz was obligated to maintain under the Lease Agreement;

    v. Whether Dollar General is entitled to reimbursement of attorney's fees and costs incurred in the Johnson litigation.

93. Dollar General is entitled to a declaration of its rights and the obligations of Defendants under the Lease Agreement and the Zurich policy.

94. Dollar General is entitled to a declaration of its rights and the obligations of Defendants under the Lease Agreement and the Zurich policy pursuant to 28 U.S.C. § 2201

### PRAYER FOR RELIEF

WHEREFORE, Dollar General respectfully requests that this Court enter judgment in its favor and against Defendants awarding Dollar General compensatory and punitive damages in an amount to be determined at trial, including an order declaring Dollar General's rights and Defendants' obligations as pled herein.

## JURY DEMAND

Dollar General hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of August, 2026.

/s/ Leon A. Boyd, V
Rick D. Norris (ASB-0494-R81R)
Leon A. Boyd, V (ASB-8613-E35B)
Attorneys for Plaintiff
*Dolgencorp, LLC*

OF COUNSEL:
COBB, BOYD, WHITE & COBB
112 Jamestown Blvd
Dothan, AL 36301
Phone: (334) 677-1000
Email:  bo@cobbfirm.com
         rick@cobbfirm.com

17

**<u>Defendants may be served by U.S. Certified Mail as follows:</u>**

Magdovitz Agency, Inc.
c/o Lawrence M. Magdovitz, II
222 Issaquena Ave
Clarksdale, MS 38614

Zurich American Insurance Co.
c/o Corporation Services Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104